```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

SCOTT DAVIS o/b/o CORA SMITH,  :
                               :
                               :    NO. 1:08-CV-00291
        Plaintiff,             :
                               :
     v.                        :    **OPINION AND ORDER**
                               :
COMMISSIONER OF SOCIAL         :
SECURITY,                      :
                               :
        Defendant.             :

This matter is before the Court on the Magistrate Judge's June 30, 2009 Report and Recommendation (doc. 10), Plaintiff's Objections (doc. 11), and Defendant's Response (doc. 12).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff Cora E. Smith ("Smith") filed this action on April 28, 2008, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for supplemental security income ("SSI") and disability income benefits ("DIB") (doc. 1). Plaintiff Smith died on November 3, 2008, such that she cannot be found eligible for SSI benefits (doc. 10).  However, her surviving son, Scott Davis, has substituted for Plaintiff Smith in this action, which still involves a claim for DIB benefits (Id.).

Plaintiff filed her application for disability benefits on December 21, 2001, alleging a disability starting April 16, 1999, due to low back and leg pain, difficulty breathing, heart problems, depression, and anxiety (Id.). After Plaintiff's application was denied, she requested a hearing de novo before an administrative law judge ("ALJ") (Id.). A hearing was scheduled three times, and Plaintiff failed to appear to testify (Id.). Plaintiff's attorney waived her presence and the ALJ ultimately heard the testimony of the vocational expert ("VE") (Id.). On March 3, 2006, the ALJ denied Plaintiff's application, finding that she was not disabled (Id.).

In his decision, the ALJ determined that Plaintiff suffered from severe impairments of pulmonary fibrosis with mild chronic obstructive and restrictive lung disease, degenerative changes in lumbar spine, dysthymia, and polysubstance abuse (Id.). The ALJ, however, found that Plaintiff's impairments alone or in combination did not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.).

The ALJ determined Plaintiff had a residual functional capacity ("RFC") such that she could lift up to fifty pounds occasionally and twenty-five pounds frequently, that she required a temperature-controlled environment, that she was limited to simple, repetitive tasks and to low stress jobs with no dealing with the public, no teamwork, no fast-paced work, and no production

quotas (Id.). Although the ALJ found Plaintiff was unable to perform her past relevant work, based on the VE's testimony, he determined Plaintiff could perform a significant range of jobs that exist in the national economy (Id.). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and was not entitled to a period of disability, SSI or DBI (Id.). Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner (Id.).

Plaintiff appealed the Commissioner's decision to this Court, contending that 1) the ALJ erred by failing to give sufficient weight to the physicians' findings, 2) the ALJ failed by drawing negative inferences from the fact that Plaintiff failed to appear at her hearing, and 3) the ALJ erred in relying on the vocational expert's answers to an improper hypothetical question (Id.). In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that the ALJ identified sufficient evidence to support his decision, that the ALJ reasonably drew negative inferences from Plaintiff's absence at her hearing, and that the ALJ reasonably relied on the VE's hypothetical question that accurately reflected all the limitations the ALJ found credible (Id.). As such, the Magistrate Judge found the ALJ's non-disability finding supported by substantial evidence and

recommended that it be affirmed (Id.). Plaintiff Scott Davis, on behalf of Plaintiff Smith, filed his Objections on July 15, 2009 (doc. 11), and Defendant filed its Response (doc. 12), such that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health &

4

Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to SSI. 20 C.F.R. § 404.1512(a). To show that claimant is an "eligible individual" entitled to SSI, she must be disabled. 42 U.S.C. § 1382(a).

### A. The Magistrate Judge's Report and Recommendation (doc. 10)

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including the VE's hearing testimony (doc. 10). The Magistrate Judge then reviewed Plaintiff's three arguments on appeal, that 1) the ALJ erred by failing to give sufficient weight to the physicians' findings, 2) the ALJ failed by drawing negative inferences from the fact that Plaintiff failed to appear at her hearing, and 3) the ALJ erred in relying on the vocational expert's answers to an improper hypothetical question (Id.).

The Magistrate Judge rejected Plaintiff's first argument, finding the ALJ proffered good reasons for finding the opinions of Drs. Kaiser and Williams, two treating physicians, not entitled to weight as substantial evidence (Id.). The Magistrate Judge found that with respect to Dr. Kaiser, the record only showed minimal follow-up after her alleged onset date of April 16, 1999, and in any event, Dr. Kaiser's findings did not support a finding of debilitating impairments (Id.). Similarly, as to Dr. Williams' opinion, the Magistrate Judge similarly found a minimal amount of

5

evaluation of Plaintiff's condition, but rather that Dr. Williams primarily provided Plaintiff with medication refills (Id.). Moreover, the Magistrate Judge noted the ALJ's finding that although Dr. Williams opined that Plaintiff had extreme functional limitations, Dr. Williams did not provide any objective support for his opinion (Id.). The Magistrate Judge similarly rejected the opinion of Dr. Johnson, a consultative examiner, who only saw Plaintiff once, and therefore is not entitled to the controlling weight given treating sources (Id. citing 20 C.F.R. § 404.1502). The Magistrate Judge found the fact that the ALJ failed to address Dr. Pledger's June 18, 1999 opinion constituted harmless error, as Pledger only saw Plaintiff two times, and like Dr. Johnson, did not qualify as a treating physician (Id.). Finally, the Magistrate Judge found that Dr. Vuong, the pulmonary specialist, did not find that Plaintiff suffered from disabling functional limitations, and in fact was unwilling to provide exertional limitations (Id.). For all of these reasons, the Magistrate Judge found the ALJ's decision supported by substantial evidence, and rejected Plaintiff's first argument, that he failed to give sufficient weight to particular medical opinions in the record (Id.).

As for Plaintiff's second argument, the Magistrate Judge found the ALJ properly drew negative inferences from Plaintiff's failure to appear at her hearing (Id.). The Magistrate Judge noted that Plaintiff's own attorney stated that in previous conversations

Plaintiff indicated she would attend, and that he had used strong language to tell her that her attendance was required (Id.). The Magistrate Judge agreed with the ALJ that the ALJ was entitled to draw negative inferences when Plaintiff attended consultative evaluations, as well as visiting her own doctor, but failed repeatedly, three times, to show up at her hearing (Id.). The Magistrate Judge noted that although regulations provide that a Claimant can waive the right to appear at a hearing, the regulations also allow for an ALJ to schedule a hearing notwithstanding such waiver, should the ALJ find it necessary to hear Plaintiff's testimony to decide the case (Id. citing 20 C.F.R. § 404.950(b)). Moreover, the Magistrate Judge noted that an ALJ's credibility finding is entitled to considerable deference, and reviewing courts do not generally make de novo credibility findings (Id. citing Gooch v. Sec'y of Health and Human Servs., 833 F.2d 589, 592 (6th Cir. 1987)). Finally, the Magistrate Judge found significant that the ALJ noted a one-year gap in her treatment to undermine her claim of debilitating treatment, and found significant that the record showed evidence of substance abuse problems (Id.). Under all of these circumstances, the Magistrate Judge found the ALJ's credibility findings legally adequate (Id.).

For her final assignment of error, the Magistrate Judge found the VE's testimony substantial evidence that Plaintiff could perform medium exertional work in low stress jobs with simple,

repetitive tasks, including some 33,300 light jobs (Id.). Although Plaintiff contends the ALJ's hypothetical question to the VE failed to include other functional limitations, the Magistrate Judge found a dearth of record evidence to support the contention that any more limitations were required than those found credible by the ALJ (Id.). The Magistrate Judge further rejected Plaintiff's argument that the ALJ should have found her disabled pursuant to the medical-vocational guidelines ("GRID") Rules 202.02 and 202.14, as such Rules do not apply here where the ALJ reasonably found Plaintiff could perform a range of medium work (Id.). For these reasons, the Magistate Judge rejected Plaintiff's third argument, and concluded the ALJ's finding that Plaintiff was not disabled was supported by substantial evidence (Id.). Accordingly the Magistrate Judge recommended the Court affirm the decision of the Commissioner that Plaintiff was not entitled to benefits and close this case on the Court's docket (Id.).

**B. Plaintiff's Objection (doc. 11).**

Plaintiff argues in his objection that the Magistrate Judge and ALJ erred in failing to accord proper weight to the opinions of doctors in the record (doc. 11). Specifially, Plaintiff cited to the fact that chronic pulmonary disease ultimately contributed to Plaintiff's death in 2008, and that an 1998 MRI showed objective evidence of low back impairments (Id.). Plaintiff contends the Magistrate Judge failed to give proper

weight to Dr. Pledger's opinion that Plaintiff could lift nothing, an opinion inconsistent with the ALJ's finding that Plaintiff could lift 25-50 pounds (Id.). Plaintiff further contends that the Magistrate Judge erred in his analysis of Dr. Kaiser's records, which Plaintiff states show his Mother was limited to light work, and thus she should have qualified as disabled under GRID rule 202.02 (Id.). Next, Plaintiff argues the Magistrate Judge erred with regard to Dr. Kaiser, whose analysis, Plaintiff contends, showed his Mother's physical condition limited her to sedentary work (Id.). With regard to Dr. Williams, Plaintiff argues the record shows objective evidence in support of his findings, based on the fact that Dr. Williams cited to the MRI results and prescribed strong narcotic medication, Vicodin, for his Mother's low back pain (Id.). Plaintiff further argues the Magistrate Judge erred in failing to note that Dr. Johnson's one-time consultative exam included findings related to his Mother's back condition, and included the conclusion that Ms. Smith could only do sedentary and light activities (Id.). Plaintiff contends both the Magistrate Judge and the ALJ erred in their analysis of Dr. Johnson's residual functional capacity assessment, which Plaintiff argues was not based on subjective complaints alone (Id.). In Plaintiff's view, the ALJ's determination that Plaintiff could perform medium work is unsupported by the record (Id.).

Plaintiff's next principal objection is that, in his

view, the ALJ failed to give "good reasons," consistent with 20 C.F.R. 404.1527(d) in rejecting the treating doctor's opinion of disability (Id.). Plaintiff argues the findings of the treating doctors are supported and consistent for a limitation to sedentary and light work (Id.).

Plaintiff further argues the Magistrate Judge erred in evaluating the pain, credibility, and subjective complaints (Id.). He argues his Mother's failure to attend the ALJ hearing should not hurt her credibility, as her attorney stated at such hearing that she was not an essential witness (Id.). Plaintiff contends the gap in treatment should not affect the credibility of the disability claim as his Mother could have been controlling her pain by doing light activities, even without medical treatment (Id.). The Magistrate Judge's mention of subtance abuse, argues Plaintiff, is irrelevant to Ms. Smith's spinal stenosis and breathing problems (Id.).

As a final matter, Plaintiff contends the Magistrate Judge erred vocationally in finding Ms. Smith capable of medium work (Id.). Plaintiff contends the most work she could do was light or sedentary work, thus qualifying her as disabled under Rules 202.02 and 201.10 (Id.).

**C. Defendant's Response (doc. 12)**

Defendant Commissioner responds that the ALJ was responsible for weighing the evidence, and that he did so properly

10

in evaluating the opinions of the treating medical sources, and in providing reasons for not giving them controlling weight (doc. 12). Defendant argues Plaintiff continues to rely on Dr. Pledger's opinion, but that Ms. Smith only saw Dr. Pledger two times (Id.). Defendant argues the Magistrate Judge reasonably rejected the opinion of Dr. Johnson, who was a consultative examiner and not a treating source, and whose opinion was based on subjective complaints rather than objective medical evidence (Id.).

As for the ALJ's credibility assessment, Defendant contends the ALJ reasonably considered Plaintiff's failure to attend her hearing, the gap in treatment history, and the evidence of substance abuse problems (Id.). Defendant contends the ALJ's credibility determination is entitled to deference (Id.).

Defendant argues the record as a whole supports the limitations found by the ALJ, whose hypothetical question included the impairments the ALJ found credible (Id.). Defendant contends the Magistrate Judge properly found the ALJ had an adequate basis for finding Plaintiff capable of performing a range of medium work (Id.). Substantial evidence supports a finding of nondisability, contends Defendant, such that the Court should affirm the ALJ's decision (Id.).

**D. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation

11

thorough, well-reasoned, and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 10), and denies Plaintiff's Objections (doc. 11).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court finds sufficient clinical evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); <u>Smith</u>, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding the opinions of the treating physicians, Drs. Kaiser and Williams, unsupported and inconsistent with other evidence in the record. The Magistrate Judge also correctly asserted that the ALJ was within his bounds to weigh the inconsistent evidence and that his credibility assessment is entitled to deference.

In his objection, Plaintiff reiterates his position that the opinions of the treating physicians should be given more weight than the other medical evidence of record. Here, however, the opinions of the treating physicians were unsupported, and were further thrown in to question by the ALJ's credibility assessment based on Plaintiff's failure to attend her hearing, the gap in treatment, and the evidence of substance abuse. The Court agrees with the Magistrate Judge's opinion that the hypothetical question posed to the VE included functional limitations the ALJ found credible, and the conclusion that Plaintiff could perform medium work is therefore supported by substantial evidence. For these

reasons, the Court does not find Plaintiff's objection well-taken.

**III. Conclusion**

The Court concludes that the ALJ's decision that Plaintiff was not entitled to a period of disability, disability income benefits, or supplemental securing income was supported by substantial evidence. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10) in all respects, AFFIRMS the decision of the Commissioner, and DISMISSES this case from the Court's docket.

SO ORDERED.

Date: September 1, 2009  /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge